

Allison LaPlante
Clinical Professor
Senior Staff Attorney & Litigation Supervisor

Earthrise Law Center at Lewis & Clark Law School
10015 SW Terwilliger Blvd.
Portland, OR 97219-7799
*phone* 503-768-6894
*fax* 503-768-6642
laplante@lclark.edu
earthriselaw.org

September 23, 2015

*VIA CM/ECF*

    Re: *Center for Biological Diversity, et al. v. United States Forest Service,* No. 13-16684
       (Oral Argument: November 19, 2015, San Francisco)

Ms. Molly C. Dwyer, Clerk of Court
Office of the Court
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

Dear Ms. Dwyer:

    Appellants submit this Rule 28(j) letter to inform the Court about *Sierra Club v. U.S. E.P.A.*, 762 F.3d 971 (9th Cir. 2014) and *WildEarth Guardians v. U.S. Dep't of Agriculture*, 795 F.3d 1148 (9th Cir. 2015). Both opinions were published after briefing concluded.

    In *Sierra Club,* the Ninth Circuit found that groups challenging the issuance of a Clean Air Act permit to a proposed power plant demonstrated standing despite EPA's determination that it would have to conduct "further public notice and comment proceedings." 795 F.3d at 975 n. 2. Similarly, in *WildEarth Guardians*, redressability was satisfied in a National Environmental Protect Act challenge because a ruling in the plaintiff's favor *could* influence an agency decision regardless of actions taken by third-parties. 795 F.3d at 1156–57. This refutes the district court's reasoning that redressability is "speculative at best" simply because the Forest Service may have to go through a public process and consult with Arizona Fish and Game to redress Appellants' injuries. *See* Opening Br. at 2, 35–46.

    *Sierra Club* also refutes the district court's reasoning that redressability is speculative simply because a ruling in Appellants' favor would not address Appellants' every injury. *See id.* at 2–3, 46–51. The panel had "little trouble concluding" that the new plant would "likely cause" petitioners' injuries even though other sources undoubtedly contributed to the very same health issues. *Sierra Club*, 762 F.3d at 978–79. Furthermore, the panel found that remedying such an injury was the very purpose and function of the Clean Air Act. *Id.*

    Finally, in *WildEarth Guardians*, redressability was satisfied even though independent third-party actors alleged that they would continue the very same practices causing the plaintiff's

harm. 795 F.3d at 1156–57. "So long as a defendant is at least partially causing the alleged injury, a plaintiff may sue that defendant, even if the defendant is just one of multiple causes of the plaintiff's injuries." *Id.* at 1157. This refutes the district court's reasoning that redressability is speculative because condors still face threats outside of the Kaibab National Forest. *See* Opening Br. at 46–51.

Sincerely,

Allison LaPlante
Counsel for Plaintiffs

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 23, 2015, I electronically filed the foregoing Rule 28(j) letter with the Clerk of the Court for the Unites States Court of Appeals for the Ninth Circuit. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Allison LaPlante