

U.S. Department of Justice

Environment and Natural Resources Division

A.Brabender
90-7-3-19583

*Appellate Section*  *Telephone (202) 514-5316*
*P.O. Box 7415*  *Facsimile (202) 353-1873*
*Washington, DC 20044*

September 30, 2015

Ms. Molly Dwyer, Clerk
U.S. Court of Appeals for the Ninth Circuit
95 7th Street
San Francisco, CA 94103

    RE:   *Center for Biological Diversity, et al. v. U.S. Forest Service, et al.*,
           Ninth Circuit No.: 13-16684

Dear Ms. Dwyer,

    This letter responds to Center for Biological Diversity's (CBD) Rule 28(j) letter regarding *Sierra Club v. EPA*, 762 F.3d 971 (9th Cir. 2014), and *WildEarth Guardians v. U.S. Dep't of Agric.*, 795 F.3d 1148 (9th Cir. 2015). Neither decision assists CBD here.

    In discussing *Sierra Club*, CBD misstates the reason the district court here concluded that CBD had not demonstrated its Article III standing. Contrary to the statement in its Rule 28(j) letter, the district court did not dismiss CBD's lawsuit because the suit would not address its "every injury." Rather, the district court concluded that CBD lacked standing because CBD had failed to properly allege that its lawsuit was *likely* to reduce its risk of injury at all, where the materials attached to CBD's own pleadings showed that the lead levels in the condor population would not decrease irrespective of whether CBD prevailed in its suit. ER 8.

    *WildEarth* is similarly unhelpful here because that case involved the National Environmental Policy Act (NEPA), a procedural statute. 795 F.3d at 1155. In procedural rights cases, the "redressability and immediacy" requirements of standing are relaxed. *Id.* But CBD here has conceded that it raises a substantive claim and does not seek to vindicate procedural rights. CBD Reply at 22. CBD's continued effort to lessen its burden on the redressability prong is telling of its inability to satisfy traditional redressability analysis. CBD has not demonstrated under the traditional

standard, as it must, that its lawsuit is *likely* to redress any alleged harm to its aesthetic interests in seeing condors in the wild.

Moreover, in both *Sierra Club* and *WildEarth*, the federal agencies took affirmative agency action that allegedly caused the Article III injuries. But the Forest Service here has not taken any action or made any decision to cause CBD's alleged injuries. CBD has not identified any case where agency acquiescence to congressional policy was found to be a legally sufficient cause of Article III injury, absent the agency's failure to comply with a discrete and non-discretionary duty.

Sincerely,

/s/ Allen M. Brabender
*Counsel for the Federal Defendants*