**NOT FOR PUBLICATION**


FILED
JAN 12 2016
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY; SIERRA CLUB; GRAND CANYON WILDLANDS COUNCIL,<br><br>    Plaintiffs - Appellants,<br><br>  v.<br><br>UNITED STATES FOREST SERVICE,<br><br>    Defendant - Appellee. | No. 13-16684<br><br>D.C. No. 3:12-cv-08176-SMM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Stephen M. McNamee, Senior District Judge, Presiding

Argued and Submitted November 18, 2015
San Francisco, California

Before: McKEOWN, RAWLINSON, and PARKER,[**] Circuit Judges.

The Center for Biological Diversity, Sierra Club, and Grand Canyon

Wildlands Council (collectively the "Center") appeal the district court's dismissal

---

    [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**] The Honorable Barrington D. Parker, Jr., Senior Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

of their complaint under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction on Article III standing grounds. The complaint was brought under the citizen-suit provision of the Resource Conservation and Recovery Act ("RCRA"). 42 U.S.C. § 6972(a)(1)(B). The Center alleged that the Forest Service failed to regulate the disposal of spent lead ammunition in the Kaibab National Forest, thus making the Forest Service liable as a "contributor" to an "imminent and substantial endangerment to health or the environment" by permitting the poisoning of California condors and other wildlife. We conclude the Center has Article III standing. Because the district court did not have occasion to decide the Forest Service's Rule 12(b)(6) motion to dismiss for failure to state a claim, we reverse and remand.

At the motion to dismiss stage, the Center bears the burden of pleading sufficient facts to show there is an injury in fact, that the injury is fairly traceable to defendant's conduct, and that a favorable decision would likely redress the alleged injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Questions of constitutional standing are reviewed de novo on appeal. *Hayes v. County of San Diego*, 736 F.3d 1223, 1228 (9th Cir. 2013).

The Center established injury in fact through declarations of intent to continue visiting the Kaibab National Forest and the allegations that the Forest

Service's tacit permission for hunters to use lead ammunition endangers wildlife. The complaint also sufficiently established causation by drawing a connection between the Forest Service's refusal to exercise its authority to regulate the use of lead, the continuing use of lead ammunition by hunters, and the poisoning of condors and other wildlife that scavenge remains contaminated by the lead. *See Covington v. Jefferson County*, 358 F.3d 626, 639 (9th Cir. 2004) ("If [the government entity] declined to take any . . . regulatory actions, such inaction, which is correctable by court order or sanction, meets the causation and redressability elements of standing."). The fact that hunters, not the Forest Service itself, actually dispose of the lead, does not make the causal connection too attenuated because the Forest Service has the authority to control certain conduct of the third-party hunters. Finally, the order sought by the Center is likely to redress at least partially the alleged injuries. The complaint alleged that spent lead ammunition is the leading cause of condors' lead exposure, and thus condors (and other, less-migratory, wildlife) would likely benefit from agency action to curb the use of lead ammunition. We conclude that the complaint was adequate to establish Article III standing.

The district court held that redressability could not be established, in large part because of the Supreme Court's decision in *Norton v. S. Utah Wilderness*

*Alliance*. *Norton* held that a suit brought under section 706(1) of the Administrative Procedure Act to "compel agency action unlawfully withheld" could not proceed where there was an absence of a "discrete agency action that it is required to take." 542 U.S. 55, 64 (2004) (citing 5 U.S.C. § 706(1)). However, *Norton* addressed suits brought under 5 U.S.C. § 706(1) and is inapplicable to the citizen-suit provision here, which provides a cause of action that by its own terms is not limited to compelling non-discretionary action unlawfully withheld. Rather, the citizen-suit provision grants courts the power to "restrain any person who has contributed to" disposal of a solid or hazardous waste that presents an imminent and substantial danger, and to "order such person to take such other action *as may be necessary*." 42 U.S.C. § 6972(a) (emphasis added). At oral argument, the government conceded that an open-ended order to the Forest Service to abate a contribution under 42 U.S.C. § 6972(a)(1)(B) would not implicate *Norton*.

In connection with its Rule 12(b)(6) motion to dismiss, the government argued that the Forest Service could not be a "contributor" under 42 U.S.C. § 6972(a)(1)(B) on the facts alleged. The district court did not address the Forest Service's motion and we do not do so here. Notably, the government did not raise the "contributor" argument in its briefing on appeal with respect to the standing question, and thus it is waived as to that issue. This waiver does not

affect the government's ability to address the merits of this argument on remand. At this stage, we simply resolve that the claim is not "wholly insubstantial and frivolous," such that it defeats standing. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (quoting *Bell v. Hood*, 327 U.S. 678, 682-83 (1946) (internal quotation marks omitted)).

Whether there is a valid cause of action sufficient to survive the Forest Service's motion to dismiss under Rule 12(b)(6) is a question left to the district court on remand. At this stage, however, the plausibility of the legal basis for the claim does not factor into the Rule 12(b)(1) motion to dismiss for lack of constitutional standing, because the question of whether there is a valid claim under RCRA is fairly debatable.

**REVERSED AND REMANDED**.